# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY CURTIS BEAVER, | Civil No. 16-5935 (NLH/JS) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| BURLINGTON COUNTY PUBLIC DEFENDER OFFICE, et al., | |
| Defendants. | |

**APPEARANCES:**

Anthony Curtis Beaver
11 North 10th Street
Mifflinburg, Pennsylvania 17844
    *Pro Se Plaintiff*

**HILLMAN, District Judge**

    This matter having come before the Court by way of Plaintiff's application [Doc. No. 1-5] to proceed in forma pauperis ("IFP application") in this action submitted on September 26, 2016 and by way of Plaintiff's Complaint[1] [Doc. No. 1] submitted to the Court on the same date; and

    The Court recognizing that when a non-prisoner seeks permission to file a civil complaint in forma pauperis under 28

---

[1] Plaintiff entitled his filing a "Motion for Credit Discrimination", but the Court's review indicates that this filing is more properly construed as a Complaint, and this Memorandum Opinion and Order addresses it as such.

U.S.C. § 1915, the Prison Litigation Reform Act ("PLRA") requires the person[2] to submit an affidavit that includes a statement of all assets and that the person is unable to pay such fees or give security, see 28 U.S.C. § 1915(a); and

The Court recognizing that the decision to grant or deny an IFP application is based solely on the economic eligibility of the petitioner, see Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976); and

The Court having reviewed Plaintiff's IFP application and affidavit of poverty, and Plaintiff having signed the affidavit in support of his IFP application declaring under penalty of

---

[2] Although Section 1915 refers to "prisoners," federal courts apply Section 1915 to non-prisoner IFP applications as well. See, e.g., Hickson v. Mauro, 2011 WL 6001088, *1 (D.N.J. 2011) (citing Lister v. Dept. of Treasury, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Section 1915(a) applies to all persons applying for IFP status, and not just to prisoners.") (citing Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004); Haynes v. Scott, 116 F.3d 137, 140 (5th Cir. 1997); Floyd v. United States Postal Serv., 105 F.3d 274, 275 (6th Cir. 1997)); El Ameen Bey v. Stumpf, No. 11-5684, 2011 WL 4962326, at * 11 n.7 (D.N.J. Oct. 17, 2011) (Kugler, J.) ("Although Section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.") (citing Douris v. Middletown Twp., 293 F. App'x 130 (3d Cir. 2008) ("The reference to prisoners in § 1915(a)(1) appears to be a mistake. In forma pauperis status is afforded to all indigent persons, not just prisoners.")).

perjury that he is unable to pay the costs of these proceedings; and

Accordingly, based on this information, the Court hereby grants Plaintiff's application to proceed in forma pauperis in this case and directs the Clerk to file the Complaint in this action; and

The Court noting that under the PLRA the Court, prior to docketing or as soon as practicable after docketing, must also review the complaint in a civil action in which a plaintiff is proceeding in forma pauperis. See 28 U.S.C. § 1915(e)(2)(B). The PLRA requires the Court to sua sponte dismiss any claim if the Court determines that it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Id.; and

The Court further noting that a "document filed pro se is to be liberally construed, ... and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); see also Haines v. Kerner, 404 U.S. 519, 520 (1972); and

The Court recognizing that federal courts also have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, see Adamczewski v. Emerson Elec. Co., No. 10-4862, 2011 WL 1045162, at *1 (D.N.J. Mar. 22, 2011) (citing Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F.3d 214, 217 (3d Cir. 1999), overruled on other grounds by Exxon Mobil Corp. v. Allapattah Svcs., Inc., 545 U.S. 546 (2005)); see also Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010) ("Federal courts are courts of limited jurisdiction, and when there is a question as to our authority to hear a dispute, 'it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition on the merits.'")(citing Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n., 554 F.2d 1254, 1256 (3d Cir. 1977)); and

Plaintiff asserting in his Complaint that "his rights [have been] violated by unfair credit practices[,]" (See Compl. [Doc. No. 1] 1); and

Plaintiff further asserting that the circumstances giving rise to his alleged "credit discrimination" stem from his 2007 extradition to Pennsylvania from the Burlington County Jail, (Id.); and

Plaintiff alleging that because he had "no income" and "no place to live" at the time of his extradition, he utilized the "services of the Burlington County Public Defender's Office in [his] extradition matter[,]"3 (Id.); and

Plaintiff claiming that in July of 2016, he received a bill from Penn Credit Corporation for the services provided by the Burlington County Public Defender's Office in the 2007 extradition matter,4 (Id.); and

Plaintiff seeking relief in the form of $10,000 from each Defendant for breaking "Pennsylvania State law and trying to make [Plaintiff] pay an outdated debt[,]"5 and that "this issue

---

3   The precise nature of the services provided by Defendant Burlington County Public Defender's Office and the circumstances of the extradition proceeding are not clear from the Complaint.

4   Attached as Exhibit A to Plaintiff's Complaint is a "Consumer Profile" from Defendant Penn Credit Corporation, which lists the "Public Defenders Office" as a creditor, indicates Plaintiff has an outstanding balance of $289.00, and notifies Plaintiff that this information "is being sent by a debt collector" and is "an attempt to collect a debt." (Ex. A to Pl.'s Compl. [Doc. No. 1-4], 1-2.)

5   It appears Plaintiff is relying on 42 Pa. Cons. Stat. Ann. § 5525 which sets forth various state court causes of action in Pennsylvania that are subject to a four year statute of limitations, to claim that his alleged debt from 2007 can no longer be collected upon by Defendant Penn Credit Corporation. The Court makes no determination on the validity of the debt, or Defendant Penn Credit Corporation's ability to collect upon it, and nothing in this Memorandum Opinion and Order should be

... be removed from his credit immediately[,]" (Id. at 2); and

The Court observing that Plaintiff's Complaint, construed liberally, appears to assert a claim that Defendants are improperly seeking to collect a debt, which Plaintiff contends is beyond the Pennsylvania statute of limitations as a matter of state law; and

The Court finding that Plaintiff has not properly asserted a basis for this Court to exercise jurisdiction over this claim; and

The Court noting that "[f]ederal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute[.]" Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases --- civil actions that arise under the Constitution, laws, or treaties of the United States. In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between

---

construed as making such determinations.

citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (citing 28 U.S.C. §§ 1331, 1332); and

The Court finding that, even construed liberally in light of his pro se status, Plaintiff's Complaint does not allege facts sufficient to demonstrate that this Court has a jurisdictional basis to consider Plaintiff's state law claims regarding his alleged debt, and his Complaint must be dismissed without prejudice at this time.

Accordingly,

IT IS on this ___29th___ day of ___June___, 2017, hereby

**ORDERED** that Plaintiff's IFP Application [Doc. No. 1-5] shall be, and hereby is, **GRANTED** and the Clerk is directed to file Plaintiff's Complaint [Doc. No. 1]; and it is further

**ORDERED** that Plaintiff's Complaint shall be, and hereby is, **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk is directed to mark his matter as

7

**CLOSED**; and it is further

**ORDERED** that Plaintiff is granted leave to file an amended complaint in this action within **forty-five (45) days** of the date of this Memorandum Opinion and Order which sets forth sufficient facts demonstrating that the exercise of jurisdiction by this Court is proper and that Plaintiff has a plausible claim for relief; and it is further

**ORDERED** that Plaintiff's motion [Doc. No. 2] seeking appointment of pro bono counsel shall be, and hereby is, **DENIED WITHOUT PREJUDICE** as premature.  Plaintiff is granted leave to file a renewed motion for the appointment of pro bono counsel following the Court's screening, and acceptance for filing, of any amended complaint.

s/ Noel L. Hillman

At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.